THE PEOPLE OF THE STATE OF ILLINOIS

V.

THOMAS   S. HOBBS ET AL.

*Criminal Recognizance—Judgment of Forfeiture—When Set Aside—Discretion of Court.*

The action of a trial court in setting aside, upon affidavit, a judgment of forfeiture, because of defendant's failure to appear according to the terms of a criminal recognizance, is discretionary, and this court will not interfere with such action of the lower court, unless it appears that there was an abuse of the discretionary power.

[Opinion filed April 11, 1892.]

The People v. Hobbs.

Appeal from the Circuit Court of Fulton County; the Hon. Jefferson Orr, Judge, presiding.

Messrs. Kinsey Thomas and J. S. Winter & Son, for appellants.

Mr. Thomas S. Hobbs, *per se.*

Mr. Justice Boggs. This is an appeal from an order of the Circuit Court of Fulton County, setting aside a judgment of forfeiture previously entered against the appellees, because of the failure of appellee, Thomas S. Hobbs, to appear at said court and answer an indictment for embezzlement, pending against him, according to the terms and condition of a criminal recognizance, executed by the appellee.

The statute (Sec. 369, Chap. 33) provides that " the court may, in its discretion, set aside such forfeiture upon the accused being brought or coming into court and showing to the court by affidavit that he was unable to appear, by reason of sickness, or some other cause, which shall satisfy the court that the accused has not been guilty of *laches* or negligence." The accused came into court and filed an affidavit of considerable length, from which the court found that his failure to appear was because of his sickness, and not by reason of *laches* or negligence, and thereupon set aside the forfeiture. The statute vested in the court discretionary power to allow or refuse the motion to set aside the forfeiture, and it is only when it is seen that the discretion has been abused or not properly exercised in the administration of justice, that an Appellate Court can interfere. We have carefully read the affidavit filed in support of the motion, and while it must be said that the absence of the defendant from the court at the time in question is not as clearly shown to have been unavoidable as could be wished, and that there is ground for the suspicion that the accused did not use a great degree of diligence in endeavoring to reach the court, yet we do not feel that upon consideration

of the whole affidavit, we are warranted in concluding that the discretion vested in the court was abused.

To discuss in an opinion the facts contained in the affidavit would, it seems to us, be unavailing of any good result.

The judgment and order of the Circuit Court is affirmed.

*Judgment affirmed.*